# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1913V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| AUDREY CLAPP, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: May 22, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Jennifer A. Shah*, U.S. Dep't of Justice, Washington, DC, Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 18, 2019, Audrey Clapp filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she suffered Guillain Barré syndrome after receipt of an influenza vaccine on December 3, 2017. Petition (ECF No 1) at 2. A Fact Hearing was held on January 19, 2023, and a resolution of the claim is still pending.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated April 27, 2023 (ECF No. 49) ("Mot."). It is the first fees request made in this case. Petitioner seeks a total of $185,098.54 in attorney's fees and costs ($148,297.50 in fees, plus $36,801.04 in costs) for the work of two attorneys, Mr. David Carney and Mr. Adam Green, and paralegals, for

---

[1] The parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

all work performed on the matter from January 2019 through the present. *Id*. at 1, 3. Respondent reacted to the interim fees request on May 11, 2023. *See* Response, dated May 11, 2023 (ECF No. 52) ("Resp."). Respondent requests I determine whether Petitioner is entitled to an award, and that I use my discretion in determining a reasonable award if one is deemed appropriate. Resp. at 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$185,098.54**.

## ANALYSIS

I.      **Requests for Interim Attorney's Fees and Costs**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Because no entitlement determination has been made to date, interim fee awards must meet the reasonable basis standard. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

This matter meets these criteria: it has been pending for a little over three years, and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate. An interim award in a case like this, that is not yet close to resolution and raises reasonably-disputed questions of fact and law, is warranted. And I find the claim possesses sufficient reasonable basis for an award otherwise, since the claim has objective foundation and was asserted in good faith.

I.      **Calculation of Fees**

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
| --- | --- | --- | --- | --- | --- |
| **David J. Carney (Attorney)** | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 |
| **Adam M. Green (Attorney)** | -- | $400.00 | $400.00 | $425.00 | $425.00 |
| **Paralegal** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 |

ECF No. 49, Ex. A at 17–40.

Mr. Carney and Mr. Green practice in Philadelphia, PA—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520 at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The rates requested for Mr. Carney, Mr. Green, and their paralegals are also consistent with what has previously been awarded, in accordance with the Office of Special

3

Masters' fee schedule.[3] *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738, 2022 WL 1210556, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $36,801.04 in outstanding costs, including the filing fee, postage, shipping, photocopying, medical record retrieval costs, travel expenses associated with the hearing, and costs associated with the work of two experts: Matthew Imperioli, M.D., and Justin Willer, M.D. Dr. Imperioli received a retainer of $1,100.00 but offered no additional professional services in the matter. Dr. Willer reviewed Petitioner's medical records and relevant medical literature, authored two expert reports, and testified in the matter, submitting an invoice for an overall balance of $27,153.50 (at an hourly rate of $550.00 for 49.37 hours of work). I find this amount reasonable, since his reports and testimony are proving helpful in determining the case, and I do not find any reason to make any reductions. In addition, medical record retrieval costs and travel costs are typical in Program cases and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Thus, they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Interim Motion for Attorney's Fees and Costs, and award a total of **$185,098.54**, reflecting $148,297.50 in fees and $36,801.04 in costs, in the form of a check made jointly payable to Petitioner and her attorney, David J. Carney.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Scheduling, https://www.uscfc.uscourts.gov/node/2914 (last visited May 22, 2023).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.